UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERARD E. WALKER AKA JACUAN
STEELE,

                            Plaintiff,

            -against-

THE COMMISSIONER OF NYSDOCCS, D.
MARTUSCELLO,

                            Defendant.

26-CV-3506 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

On April 14, 2026, the Clerk's Office of this court opened this action as a motion under

28 U.S.C. § 2255. The pleading, however, is styled as a complaint under 42 U.S.C. § 1983. The

Court therefore directs the Clerk of Court to change the caption of the complaint, as shown

above. The Court also directs Plaintiff, who is incarcerated at Five Points Correctional Facility to

either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request

authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a

signed IFP application and a prisoner authorization.[1] *See* 28 U.S.C. §§ 1914, 1915. If Plaintiff

submits the IFP application and prisoner authorization, they should be labeled with docket

number 26-CV-3506 (LTS).[2]

----

[1] If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act
requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's
account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without
prepayment of fees must therefore authorize the Court to withdraw these payments from his
account by filing a "prisoner authorization," which directs the facility where the prisoner is
incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to
send to the Court certified copies of the prisoner's account statements for the past six months.
*See* 28 U.S.C. § 1915(a)(2), (b). The $55.00 administrative fee for filing a civil action does not
apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 1, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.